IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72503-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| BERNARDO OCAMPO BASAVE, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: November 23, 2015 |

BECKER, J. —The Sixth Amendment guarantees criminal defendants the right to confront and cross-examine adverse witnesses. The right, however, is not without limit. A trial court has discretion to prohibit questioning that seeks to elicit irrelevant testimony. Here, the rape victim's living arrangements and her immigration status were not shown to be relevant to prove she had a motive to lie about the rape.

Appellant Bernardo Ocampo Basave was charged with raping his sister-in-law at a party at her house on New Year's Eve. According to trial testimony, the victim's son walked into his mother's bedroom late that night after hearing a noise like someone falling. He saw Basave standing there without pants. His mother was lying face down, bent over the end of her bed, crying. She had a top on but was not wearing pants. She reported the incident to the police. The State

obtained laboratory evidence tending to prove sexual intercourse between Basave and the victim.

The victim initially told police and prosecutors that she was separated from her husband and did not know where he was. This was false. There was a warrant out for his arrest, and the victim was trying to protect him. The jury heard this evidence. Basave sought to impeach the victim's credibility in other ways as well, including through the questions that are at issue in this appeal.

Testimony established that at the time of the alleged rape, Basave and his family lived in a home provided by his employer, while the victim and her larger family lived in a smaller home provided by the same employer. By the time of trial, Basave and his family had moved out of the larger home, and the victim and her family had moved into it.

During cross-examination of the victim's daughter, Basave asked if the home she used to live in was the smaller of the two. She confirmed that it was. Basave then asked if that was why her parents wanted to move into the larger house. The court sustained the State's objection to this question as calling for speculation. Basave asked who was currently living at the smaller house. The court sustained the State's objection to this question as irrelevant.

On appeal, Basave contends that by sustaining the State's objections, the trial court unfairly abridged his Sixth Amendment right to cross-examine witnesses.

The Sixth Amendment guarantees criminal defendants the right to confront and cross-examine adverse witnesses. Davis v. Alaska, 415 U.S. 308, 315-16,

94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974).  The right, however, is subject to two limitations.  First, the evidence sought to be admitted must be relevant.  And second, the evidence "must be balanced against the State's interest in precluding evidence so prejudicial as to disrupt the fairness of the fact-finding process." State v. Perez, 139 Wn. App. 522, 529, 161 P.3d 461 (2007).  This court will not reverse a trial court's ruling regarding the scope of cross-examination absent an abuse of discretion.  State v. McDaniel, 83 Wn. App. 179, 184, 920 P.2d 1218 (1996), review denied, 131 Wn.2d 1011 (1997).

Relevant evidence is that which tends to make "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401.  It is the duty of a party offering evidence to make clear to the trial court why the evidence is relevant. ER 103(a)(2).

Basave fails to show relevance.  On appeal, Basave explains that if the victim desired to move into the Basave family's larger home, it would give her a motive to fabricate the accusation of rape.  But at trial, he failed to establish that the daughter could do anything more than speculate about her parents' motives for moving.  And the record does not demonstrate that Basave told the trial court the questions were relevant to the victim's credibility.

During cross-examination of the victim's son, Basave was prevented from asking questions about the victim's desire to gain United States citizenship.

> Q. [DEFENSE COUNSEL:] Are you aware of any plan for your mom to become a citizen of the United States?
> A. No.
> Q. Do you think she wanted to be a citizen?

[PROSECUTOR]: Objection. Speculation.
THE COURT: Sustained.
Q. [DEFENSE COUNSEL]: Do you know if she wanted to be a citizen?
[PROSECUTOR]: Objection. Speculation.
[DEFENSE COUNSEL]: I think if he knows, he can say, Your Honor.
[PROSECUTOR]: He would only know based on hearsay.
THE COURT: That objection is sustained.
[DEFENSE COUNSEL]: I have nothing further.

Basave suggests that the victim hoped that reporting the rape allegations would enable her to become an American citizen. But again, he fails to demonstrate that the questions would have produced relevant evidence of a motive to fabricate. The victim's son said he was not aware of any plan for his mother to become a citizen. Anything else he might have said about what she wanted to do would have been speculative or based on hearsay. And again, the record does not demonstrate that Basave told the trial court he was pursuing these questions in order to impeach the victim's credibility.

In summary, the limitations imposed by the trial court on the scope of cross-examination did not prevent the introduction of evidence that might have influenced the determination of guilt. We find no abuse of discretion.

Affirmed.

Becker, J.

WE CONCUR:

Leach, J.

Cox, J.

4